IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN LEE TORRES                                                                                      PLAINTIFF

v.                                  Civil No. 5:20-cv-05194

SHERIFF HELDER, Washington County, Arkansas;
MAJOR DENZER; LIEUTENANT FOSTER; LIEUTENANT
REESER; SERGEANT MORSE; SERGEANT FULLER;
SERGEANT AKE; SERGEANT ARNOLD; SERGEANT
GARDNER; CORPORAL MULVANEY; SERGEANT
STANTON; JOHN AND JANE DOE DETENTION OFFICERS;
KARAS MEDICAL SERVICE; DR. KARAS; R. WALKER;
LANDON HARRIS; JOHN OR JANE DOE EMPLOYEES OF
KARAS; JOHN OR JANE DOE DIETICIAN; JOHN OR JANE
DOE ARAMARK EMPLOYEES; TOMMY ROARK; TINA WEBB;
JESSIE ENGLAND; CORPORAL CARLA CINK; and ARAMARK
CORRECTIONAL SERVICES, LLC                                                                      DEFENDANTS

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff, Justin L. Torres ("Torres"), pursuant to 42 U.S.C. § 1983. Torres proceeds *pro se* and *in forma pauperis*. Torres is currently incarcerated in the Cameron County Jail in Olmito, Texas. The case concerns his incarceration in the Washington County Detention Center ("WCDC").

The case is before the Court for preservice screening of the Second Amended Complaint (ECF No. 11) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

While incarcerated in the WCDC, Torres contends his First, Sixth, Seventh, Eighth, and Fourteenth Amendment rights were violated. (ECF No. 11). Specifically, he alleges the following: unsafe food handling and storage; failure to test food handlers for contagious diseases;

1

the kiosk location allows for the theft of pin numbers, phone time, and violation of patient-physician confidentiality; the kiosk limits an inmate to only three open grievances or requests at a time resulting in the inability to file sick call requests and/or grievances until the open ones have been disposed of; the kiosk location allows inmates in the showers to view family members and results in inappropriate conduct on the part of inmates; there are no intercoms in the pods or cells; no proper mail room and no delivery of mail on Saturday interferes with mailing or receipt of time-sensitive matters; grievances and appeals go no higher up the chain of command than lieutenants; refusal of law library access as well as an insufficient supply of paper and postage to mail legal documents; inmates are forced to choose between writing to family or the courts given the limited supply of paper (8 sheets) and envelopes (two); slippery floors from shower overspray results in injury to inmates; excessive force was used against him; and he did not receive proper medical treatment.

In the current case, the only dates referred to in the Second Amended Complaint (ECF No. 11) are in August of 2016. On the first page of the Second Amended Complaint, Torres indicates he has previously filed two lawsuits dealing with the same facts. Although he does not list the case numbers, he refers to the years 2016 and 2018.

Torres first filed a case concerning these claims on December 2, 2016, *Torres v. Helder, et al.,* Civil No. 5:16-cv-05347. The case was served on the defendants. Torres indicated that he was booked into the WCDC on August 26, 2016. Mail was returned as undeliverable on March 7, 2017, with a notation that Torres was no longer at the WCDC. On April 27, 2017, the case was dismissed without prejudice for failure to prosecute.

Torres next filed a case concerning these claims on June 20, 2018, *Torres v. Helder, et al.,*

2

Civil No. 5:18-cv-05117. Torres set forth his claims on separate sheets of paper. (ECF No. 1 at 8-29). The header on each page of his statement of his claims shows it was merely a refiling of the complaint from Civil No. 5:16-cv-05117.[1] *Id.* The only dates referred to are in August and September of 2016. *Id.* at 21 & 26. He was incarcerated in the WCDC when he filed the case. *Id.* at 2. The case was served on the defendants. *Id.* at 10. On October 9, 2018, Torres filed a notice of change of address to a free-world address in Brownsville, Texas. (ECF No. 35). On October 10, 2018, Torres filed a document entitled Amended Complaint (ECF No. 37). The single page document clarifies that the dates he was incarcerated in the WCDC were August 24, 2016, through September 4, 2016, and September 11, 2016, through January 2, 2017. *Id.* at 1. He stated that these were "the dates in which these allegations occurred." *Id.* On April 1, 2019, Torres filed a change of address noting he was now incarcerated in Cameron County, Olmito, Texas. (ECF No. 63). On May 13, 2019, and May 20, 2019, mail was returned as undeliverable from the Olmito, Texas, address. (ECF Nos. 74-75). On June 18, 2019, the case was dismissed without prejudice for failure to prosecute. (ECF No. 78).

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."

---

[1] See also Amended Complaint (ECF No. 8 at 8)("originally filed this law suit in 2016"). The statement of claims in the Amended Complaint (ECF No. 8 at 7-31) also contained the header from the 2016 lawsuit.

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case); s*ee also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cnty, Ark.,* 758 F.3d 1038, 1044 (8th Cir. 2014) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

In the Second Amended Complaint, Torres states that the current case is a refiling of the 2016 lawsuit, *i.e.,* Civil No. 5:16-cv-05347. (ECF No. 11 at 1 & 14). Torres indicates the current case is based on the same facts as the 2016 case. *Id.* The only dates referred to in the Second Amended Complaint are in August of 2016. *Id.* at 12 (August 23, 2016, Deputy Jennings slipped and fell). Torres indicates he fell on August 5, 2016. *Id.* at 13. Torres also refers to his fall having occurred five years ago. *Id.* However, in the 2018 lawsuit, Civil No. 5:18-cv-05117, although his statement of the claim appears identical to that of the 2016 lawsuit and no new dates are added, Torres did file the single page Second Amended Complaint that indicates two periods of incarceration are at issue August 24, 2016, to September 4, 2016, and September 11, 2016, to January 2, 2017. Even considering this later period of confinement, more than three years passed

4

before he filed the instant lawsuit on November 12, 2020.[2]

While both the 2016 and 2018 lawsuits were dismissed without prejudice, "[a] dismissal without prejudice does not toll a statute of limitation. Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit dismissed, it is as if no suit had ever been filed." *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995)(citations omitted); *see also Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir. 1976)(statute of limitations not tolled when a case is dismissed without prejudice for failure to prosecute). Furthermore, the Arkansas savings statute, Ark. Code Ann. § 16-56-126 has no application since the current law suit was not filed within one-year of the dismissal of the 2018 lawsuit on June 18, 2019. This lawsuit is time barred.

### IV. CONCLUSION

For the reasons stated, this action will be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 5th day of March 2021.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE

---

[2] "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run." *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992).